IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>ONE (1) YELLOW CONTENDER VESSEL (NAMED: AVA, REGISTER NUMBER PR-1825-AB, HULL NUMBER JDJ23053E292), WITH TWO MOTORS AND APPURTANCES DOMESTIC VALUE: $37,700<br><br>SIEZED BY UNITED STATES CUSTOMS AND IMMIGRATION ENFORCEMENT, CASE NO. 2019-4904-000027-01<br><br>Respondent | MISC. 19-0100CCC |

## OPINION AND ORDER

Before the Court is claimant Reimundo J. Román Benjamín's Demand for Release of Seized Property Pursuant to 18 U.S.C. § 983(f) (**d.e. 1**) filed March 13, 2019, as well as respondent U.S. Customers and Border Patrol's Opposition (d.e. 6).

The property at issue, a boat, was seized by the United States Immigration and Customs Enforcement-Homeland Security Investigations on January 23, 2019. Petitioner sent the United States a timely request for return of property under 18 U.S.C. § 983(f)(2). When the United States did not respond, claimant filed this petition.

18 U.S.C. 983(f) sets forth the requirements and process for return of seized property.

(1)     A claimant under subsection (a) is entitled to immediate release of seized property if—

(A)     the claimant has a possessory interest in the property;

(B)     the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

(C)     the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

(D)     the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

(E)     none of the conditions set forth in paragraph (8) applies.

. . .

(8)     This subsection shall not apply if the seized property—

(A)     is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;

(B)     is to be used as evidence of a violation of the law;

(C)     by reason of design or other characteristic, is particularly suited for use in illegal activities; or

(D)     is likely to be used to commit additional criminal acts if returned to the claimant.

It is the claimant's burden to demonstrate that these requirements have been met. 18 U.S.C. § 983(f)(6); see U.S. v. Undetermined Amount of U.S. Currency, 376 F.3d 260 (2004). Claimant's Demand fails to satisfy 18 U.S.C. § 983(f)(1)(B)-(E). Claimant briefly references a business relationship, but no other community ties. Claimant makes the conclusory statement that "extreme hardship to his business" will continue if the property

is not returned, but does not allege any facts or provide any evidence in support, and does not allege that this hardship outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred.  Finally, claimant does not address subsection (8) and the disqualifying conditions therein.

As claimant has not demonstrated that the requirements of 18 U.S.C. § 983(f) have been met, his Demand for Release of Seized Property Pursuant to 18 U.S.C. § 983(f) (**d.e. 1**) is DENIED.  Judgment shall be entered by separate order.

SO ORDERED.

At San Juan, Puerto Rico, on September 10, 2019.


S/CARMEN CONSUELO CEREZO
United States District Judge